# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACIE BAKED LLC, WECARE RG, INC., and MILLERCOBB LLC, on behalf of themselves and all others similarly situated, | CIVIL ACTION |
| Plaintiffs, | Miscellaneous Case No.: 2:24-mc-00071-PD |
| v. | Underlying Case: *Gracie Baked LLC et al. v. GiftRocket, Inc. et al.*, No. 1:22-cv-04019-RPK-VMS (E.D.N.Y. 2022) |
| GIFTROCKET, INC., TREMENDOUS, INC., NICOLAS BAUM, KAPIL KALE, JONATHAN PINES, BENJAMIN KUBIC, SUNRISE BANKS, N.A., GIFTROCKET, LLC, TREMENDOUS LLC, and TREMENDOUS PARENT, INC., | |
| Defendants. | |
| v. | |
| MARY BUCHNIK and ANNA NUKHBALAIEVA, | |
| Subpoenaed Parties. | |

## DECLARATION OF ANNA NUKHBALAIEVA IN SUPPORT OF SUBPOENAED PARTIES' RESPONSE TO ORDER TO SHOW CAUSE

I, Anna Nukhbalaieva, hereby declare as follows:

1.    I am over the age of 18 years old.

2.    I have personal knowledge of the matters set forth herein and am competent to testify upon them if called upon to do so.

3.    I make this declaration in support of Subpoenaed Parties' Response to the Order to Show Cause and in response to GiftRocket's Motion to Compel Depositions of Mary Buchnik and Anna Nukhbalaieva, ECF No. 1 in the above-captioned action.

4.    I am the President of MA Coffee Inc.

5.    MA Coffee Inc. purchased the Café Ole in the Valley restaurant from WeCare RG, Inc. as of May 31, 2024, pursuant to an asset purchase agreement ("APA"), dated May 31, 2024.

6.    MA Coffee Inc. purchased the coffee shop because I wanted to run the café as a business. I did not have any interest in purchasing litigation claims.

7.    I understand that the Movants in this matter contend that the language of the APA can be read, in Movants' view, to suggest that WeCare RG, Inc. sold its claim and right to the proceeds of the litigation captioned, *Gracie Baked LLC et al. v. GiftRocket, Inc. et al.*, No. 1:22-cv-04019-RPK-VMS (E.D.N.Y. 2022) ("the GiftRocket litigation") because an oral agreement to the contrary "would be ineffective given the APA." *See* ECF No. 1-1 at 4.

8.    I disagree with Movants' interpretation of the APA. I understand that as part of MA Coffee Inc.'s purchase of the Café Ole in the Valley restaurant from WeCare RG, Inc., MA Coffee Inc. did not purchase WeCare RG, Inc.'s claim as a named plaintiff in the GiftRocket litigation.

9.    I do not have any knowledge related to the GiftRocket litigation beyond being informed by Lawrence Kalikhman that WeCare RG, Inc. was party to a lawsuit against GiftRocket in connection with the Café Ole in the Valley restaurant and that I was not purchasing WeCare RG, Inc.'s claim in the lawsuit when I purchased the Café.

10.    MA Coffee Inc. does not have any interest in any proceeds that WeCare RG, Inc. may receive as a named plaintiff in the GiftRocket litigation.

11.    I never had any interest or intention of buying WeCare's litigation claims or becoming involved in the GiftRocket litigation.

12.    I understand that the Movants claim that there is an "actual conflict of interest" in my attorney's representation of myself in this matter because "GiftRocket has subpoenaed Ms. Nukhbalaieva, in part, to question her about the APA. Of course, any legal advice Ms. Nukhbalaieva would or could have obtained about the legal impact of the We Care-MA Coffee sale agreement—e.g., who would be entitled to the proceeds in a lawsuit if damages were awarded based on purported harm to Café Ole in the Valley, given all assets (including goodwill) were sold, and

3

there were no carve-outs—would require independent legal counsel." *See* ECF No. 1-1 at 10.

13.    I do not believe there is a conflict of interest in the representation in this matter on my behalf by Raphael Janove or Janove PLLC, and have waived any conflicts, to the extent they exist.

14.    As one of the managers of Café Ole in the Valley, I am responsible for the day-to-day operations of the restaurant. As such, it would be quite burdensome for me to find all-day coverage of these responsibilities to travel for a deposition in a litigation of which my knowledge is extremely limited.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on December 11, 2024 in Huntingdon Valley, PA

Anna Nukhbalaieva