UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
GIFTROCKET, INC., TREMENDOUS, INC, :
NICOLAS BAUM, KAPIL KALE, JONATHAN :
PINES, BENJAMIN KUBIC, GIFTROCKET :
LLC, TREMENDOUS LLC, and : **MEMORANDUM AND ORDER**
TREMENDOUS PARENT, INC., :
 :  24 MC 5105 (RPK) (VMS)
          Movants, :
 :
     -against- :
 :
MARY BUCHNIK and ANNA :
NUKHBALAIEVA, :
 :
          Respondents. :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

     GiftRocket, Inc.; GiftRocket LLC; Tremendous, Inc.; Tremendous LLC; Tremendous Parent, Inc.; Nicolas Baum; Kapil Kale; Jonathan Pines and Benjamin Kubic (collectively, the "GR Defendants") moved to compel compliance with subpoenas for depositions to be conducted in person issued to non-parties Mary Buchnik ("Ms. Buchnik") and Anna Nukhbalaieva ("Ms. Nukhbalaieva" and, collectively with Ms. Buchnik, the "Deponents") in the Eastern District of Pennsylvania and moved for an award attorneys' fees incurred in preparing the motion.  See generally ECF Nos. 1-1-9.  The deponents were ordered to show cause for their non-compliance with the subpoenas.  See generally ECF No. 2.  The Deponents did so and also opposed the motion to compel, contending that the subpoenas should be conducted at an alternative location or remotely; moved to transfer the motion to compel to the Eastern District of New York; and, in the alternative, cross-moved to quash or, though not explicitly requested, modify the subpoenas, in view of the Deponents' reiteration of their position that the depositions should be conducted remotely; and moved for an award of attorneys' fees incurred in responding to the motion.  See

1

generally ECF Nos. 7-7-10. The GR Defendants filed a reply in support of their motion to compel and opposed the Deponents' motion to transfer the motion to compel to the Eastern District of New York and cross-motion to quash or modify the subpoenas. See generally ECF Nos. 9-9-2. The Eastern District of Pennsylvania granted the motion to transfer the motion to compel to the Eastern District of New York and denied without prejudice the other outstanding motions. See generally ECF No. 10. The GR Defendants, see generally ECF Nos. 12-12-1, and the Deponents, see generally ECF Nos. 13-13-1, filed supplements following the transfer, with the GR Defendants requesting compliance with the subpoenas in the form of either in-person or remote depositions,[1] see ECF No. 12 at 1, and with the Deponents' supplement including a renewed motion to quash the subpoenas and, if their motion were to be denied, a request that the depositions be conducted remotely for no longer than two hours each and a renewed motion for attorneys' fees, see ECF No. 13 at 3. As such, presently before the Court is the GR Defendants' motion to compel compliance with the subpoenas for depositions issued to the Deponents and the Deponents' motion to quash the subpoenas for depositions issued to them.

---

[1] Although the GR Defendants did not renew their motion for attorneys' fees following the transfer of the motion to compel to this District and the denial without prejudice of the other outstanding motions, the Court construes such motion as pending.

I.   **MOTION TO QUASH**

The Court denies the Deponents' motion to quash but modifies the subpoenas, in that the depositions are to be conducted remotely, are each to be limited to three hours, and are to be conducted by April 4, 2025;² the Court also finds the GR Defendants' motion to compel to be moot.³

As to Ms. Nukhbalaieva, the Court considers the allegations that WeCare RG, Inc. ("WeCare"), a plaintiff in the underlying action in this District, owned and operated Café Ole in the Valley until May 31, 2024, when it entered into an asset purchase agreement with MA Coffee, Inc. ("MA"), of which Ms. Nukhbalaieva is the president.  See ECF No. 1-1 at 3-4. WeCare takes the view that the asset purchase agreement did not include the claims in the underlying lawsuit.  See ECF No. 7 at 14.  The GR Defendants assert that the asset purchase agreement covers WeCare's claims in the underlying action.  See ECF No. 1-1 at 3-4.  They reason that Ms. Nukhbalaieva "has relevant knowledge about the valuation of Café Ole in the Valley's assets that were transferred."  Id. at 4.

Ms. Nukhbalaieva's deposition is to proceed, as she may have relevant information.  The Court is obligated to evaluate and address standing issues throughout the course of the action. See California v. Texas, 593 U.S. 659, 668 (2021) (noting that "[t]he Constitution gives federal

---

² The fact discovery deadline set forth in the 12/4/2024 Order in the underlying action is sua sponte extended to April 4, 2025, for the limited purpose of conducting such depositions.

³ The Court notes that the GR Defendants' purported motion to compel the Deponents' compliance with the subpoenas issued to them is not procedurally proper, as Federal Rule of Civil Procedure 45, which governs, inter alia, the enforcement of subpoenas, contemplates motions to compel only as to subpoenas for a production or inspection, see Fed. R. Civ. P. 45(d)(2)(B)(i), and not as to subpoenas for a deposition.  The procedurally proper motion for the GR Defendants to file would have been a motion for contempt pursuant to Federal Rule of Civil Procedure 45(g).

3

courts the power to adjudicate only genuine 'Cases' and 'Controversies,'" which "power includes the requirement that litigants have standing (citation omitted)). Ms. Nukhbalaieva's counsel has offered her testimony as to her view of the asset purchase agreement. See Gracie Baked LLC et al. v. GiftRocket, Inc. et al., No. 22 Civ. 4019 (RPK) (VMS), ECF No. 218, Tr. 36:17-37-2 (noting that Ms. Nukhbalaieva "did not purchase the claims in this lawsuit" and that "[s]he can just testify to the same").

Although her view of the agreement may be parol evidence, her testimony may be relevant to the standing analysis, first as to the asset valuation and second as her testimony may relate to the business's cash flow and, by extension, WeCare's potential damages. For these two reasons, the deposition may be taken.

As to Ms. Buchnik, she is the mother of former WeCare co-owner Danny Buchnik. ECF No. 1-1 at 4 (citation omitted). The GR Defendants assert that, "[p]rior to the execution of the APA, Ms. Buchnik was heavily involved in Café Ole in the Valley," including by "creat[ing the Café Ole in the Valley logo, r[unning] payroll, operat[ing] the back office, . . . receiv[ing] sales reports for the café's own gift card sales," and "spearhead[ing] document collection efforts in this litigation." Id. (citations omitted). Ms. Buchnik's deposition is to proceed, as the business's cash flow relates to WeCare's potential damages and as her operation of the back office and experience with the sale of gift cards may allow her to speak to any potential incidents of customer confusion.

## II.     MOTIONS FOR ATTORNEYS' FEES

The Court denies the GR Defendants' motion for attorneys' fees and the Deponents' motion for attorneys' fees.

4

The GR Defendants seek attorneys' fees of $4,500 incurred in securing compliance with the subpoenas.  See ECF No. 1 at 1-2.  The Deponents similarly argue that "the Court should order [GR] Defendants to pay for th[eir] opposition."  ECF No. 7 at 28 (capitalization altered); see also ECF No. 13 at 3.

As a preliminary point, the GR Defendants and the Deponents have not included related time sheets and support for hourly rates with their requests, which supports the denial of their requests.

The GR Defendants and the Deponents seek awards of attorneys' fees pursuant to 28 U.S.C. § 1927, see ECF No. 1-1 at 11-12; ECF No. 7 at 28-29, and the Deponents also rely upon Federal Rule of Civil Procedure 45(d)(1) in support of their request, see ECF No. 7 at 28-29.  28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  This provision "imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics, and provides courts with a cudgel to use, in their discretion, to deter unnecessary delays in litigation."  Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 55 (2d Cir. 2018) (citation & quotations omitted).  Imposing sanctions pursuant to this provision requires "a court [to] . . . find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith – that is, motived by improper purposes such as harassment or delay."  Id. (citation & quotations omitted).

The Court does not find an exercise of its discretion to award attorneys' fees as against the GR Defendants or the Deponents to be warranted in this case.  The Court has not been

5

presented with clear evidence, or any evidence, that the positions of either the GR Defendants or the Deponents were entirely without color and taken in bad faith. Rather, both the GR Defendants and the Deponents have adopted changing positions, prolonging this dispute. The GR Defendants initially refused to take the depositions of the Deponents remotely, see ECF No. 1-1 at 2, and the Deponents took the position that they would appear remotely, see ECF No. 7 at 5; the GR Defendants subsequently took the position that the depositions could be conducted remotely, only after the transfer of the motion to compel to this Court, in accordance with the Deponents' position, see ECF No. 12 at 1, but the Deponents, in response, took the position that the subpoenas should be quashed and that the depositions should not proceed at all, see ECF No. 13 at 3. Such gamesmanship, even if based on a modicum of relevant information, is a waste of the parties', the witnesses', and the Court's time and resources, and it will not be rewarded. The parties and witnesses are encouraged to cooperate to conclude this discovery.

Federal Rule of Civil Procedure 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," to be enforced by "impos[ing] an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party or attorney who fails to comply." This provision "was intended primarily to protect a non-party witness as a result of a misuse of the subpoena." Saint-Jean v. Emigrant Mortgage Co., No. 11 Civ. 2122 (SJ) (RLM), 2015 WL 13735434, at *3 (E.D.N.Y. Oct. 7, 2015) (citation omitted). Determining whether sanctions are appropriate pursuant to this provision requires a "two-part inquiry . . . : (1) whether the challenged subpoena imposed an undue burden or expense on the person(s) subject thereto; and (2) if so, what, if any, 'reasonable steps' the subpoenaing party and its counsel took to avoid imposing such a burden." Id. (citations omitted).

The Deponents' argument is that the GR "Defendants' entire motion rests on the flawed premise that the depositions are irrefutably convenient because the noticed location is approximately 25 miles from where the witnesses prefer to be deposed," in effect "avoid[ing] the preferences of the witnesses, their status as non-parties, the minimal relevance of the testimony at issue, and [the] . . . lack of any legitimate explanation for their sudden demand for in-person depositions when remote depositions were previously acceptable." ECF No. 7 at 28-29. This argument appears to suggest incorrectly that "convenien[ce]" is the standard. A subpoenaing party or attorney only must take reasonable steps to avoid the imposition of an undue burden or expense, not any burden or expense or an inconvenience, on the subpoenaed non-party. The Deponents' argument to the contrary ignores that depositions are not to occur remotely other than by agreement or by court order, see Fed. R. Civ. P. 30(b)(4), and that a deposition location "within 100 miles of where the person resides, is employed, or regularly transacts business in person," Fed. R. Civ. P. 45(c)(1)(A), is plainly within the scope of the Rule, even if it imposes some burden or expense, so long as such burden or expense is not undue, and even if it is less convenient than another potential location. The GR Defendants' conduct falls within the possible reasonable boundaries of discovery. Thus, an attorneys' fee award is not warranted.

Dated: Brooklyn, New York
      March 21, 2025

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge

7